I respectfully dissent from the majority opinion. Although I concede there are some factual distinctions between the case sub judice and Statev. Johnson, Delaware App. No. 01-CA-A-01-014, 2002-Ohio-261, I believe those distinctions are insufficient to create a different result.
I would apply the rationale of Johnson to this case and affirm appellant's conviction and sentence. To do otherwise serves to condone invited error on the part of appellant's counsel. Appellant's counsel should not be relieved of his or her duty to independently determine the speedy trial date before affirmatively agreeing to that date. By "agreeing" to the erroneous date as determined by appellee, appellant's counsel failed in that duty. However, such failure does not obviate the written agreement.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and a final judgment of acquittal is hereby entered for appellant. Costs assessed to appellee.